Louise Jacobson, as Executrix of Gunther Jacobson, Deceased, et al., Appellants, v. Freedman & Slater, Inc., Respondent, et al., Defendants.

First Department, December 20, 1955.

*Richard J. Stull* for appellants.

*David I. Silverman* of counsel (*Jaffa & Silverman,* attorneys), for respondent.

Cox, J.  On a prior appeal this court held that the complaint sufficiently alleged a trust relationship requiring the corporate defendant to account for the unused portion of the funds entrusted to it for certain specific purposes (275 App. Div. 631). Inasmuch as those allegations were sustained by the evidence adduced on the trial, the Statute of Limitations was eliminated as a bar to the action, at least insofar as the present trial is concerned.

However, the proof does not establish which one, if any, of the several claimants is entitled to the fund in the hands of Freedman & Slater, Inc.  There is no proof in support of the claim made by defendant Charlotte Mayer.  As to Revisa, it makes no claim to the fund on its own behalf.  It merely asserts a claim as the agent of Jacobson's assignor, Helen Jandorf, upon an allegation that it transmitted the $3,100 as her agent and out of the funds she maintained on deposit with it.  The present claim of agency is inconsistent with the letters written by Revisa in which it claimed to be the owner of the funds in the hands of Freedman & Slater, Inc.

The deposition of Revisa's employee, and the exhibit purporting to be a photostatic copy of Jandorf's account with it, indicate that the $3,100 remitted to Freedman & Slater, Inc., in March, 1940, was charged to Jandorf's account, but it does not disclose whether the amount was ever paid by Jandorf.  Presumably, Revisa was reimbursed but the record does not show when, how or by whom.  Conceivably the money might have been originally advanced by the decedent Ernst Neulander for whose benefit the money was being remitted, or that his estate furnished the money with which Revisa was reimbursed.

In order that there be a final and complete determination of this matter, the facts should be more fully and clearly developed on a retrial.  If any of the parties are so advised, it may be well to notify the personal representative of the decedent Neulander's estate of the pendency of this litigation and to invite him to assert the estate's claim to the fund, if any, in this action.

The judgment appealed from should, therefore, be reversed and a new trial ordered.

BREITEL and BASTOW, JJ., concur; PECK, P. J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.

Settle order on notice.

Republished decision, December 23, 1955.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event. Opinion by Cox, J. PECK, P. J., dissents and votes to grant judgment to plaintiff Revisa. Settle order on notice.*

Concur — BREITEL, BASTOW and Cox, JJ.